ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| FRANCIS M. ALICEA DÍAZ, <br><br> Recurrente, <br><br> v. <br><br> JOSÉ L. NÚÑEZ OTERO h/n/c OCEAN AUTO IMPORT; NÚÑEZ OTERO GROUP CORP.; MANUEL PORTALATÍN MORALES; ELIZABETH CRUZ, <br><br> Recurrida. | KLRA202400649 | REVISIÓN procedente del Departamento de Asuntos del Consumidor. <br><br> Querella núm.: SAN-2021-0009639. <br><br> Sobre: compraventa de vehículo de motor. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2025.

La señora Francis M. Alicea Díaz (señora Alicea) presentó su recurso de revisión el 25 de noviembre de 2024. Nos solicita que revoquemos la *Resolución* emitida el 28 de junio de 2024, por el Departamento de Asuntos del Consumidor (DACo), que fuera archivada en autos y notificada el 3 de julio de 2024. Mediante el referido dictamen la agencia declaró sin lugar la querella núm. SAN-2021-0009639. Esta había sido presentada por la señora Alicea en contra de la parte recurrida compuesta por el señor José L. Núñez Otero, haciendo negocios como Ocean Auto Imports, Inc., Núñez Otero Group Corp., Manuel Portalatín Morales y Elizabeth Cruz (parte recurrida).

Por los fundamentos expuestos a continuación, **confirmamos** la resolución recurrida.

I

El 2 de septiembre de 2021, la señora Alicea presentó una querella ante el DACo[1]. En ella, relató que, el 7 de agosto de 2021, adquirió de Ocean Auto Imports un vehículo de motor usado, modelo Fiat 500 AB del

_____
[1] *Véase*, apéndice del recurso, a las págs. 12-19.

Número Identificador

SEN2025 _____

2014, color rojo, 4 cilindros, 4 puertas, con tablilla IJD-663 y un millaje de 42,898, por la cantidad de $7,790, precio que incluía el traspaso y marbete del vehículo. Alegó que el pago fue realizado a nombre de Elizabeth Cruz, mediante la entrega de $6,290.00 en efectivo, y $1,500.00 a través de *PayPal*[2].

En su querella, adujo que el vehículo adquirido adolecía de defectos y vicios ocultos, que impedían que este fuera utilizado para el propósito para el cual fue adquirido. En específico, que, en el período desde el 20 de agosto de 2021, hasta el 28 de agosto de 2021, al vehículo le encendió la señal de *check engine* y, a partir de entonces, a pesar de varios intercambios con la parte recurrida, tuvo que incurrir en gastos de evaluación y piezas para el mismo. Además, que tuvo que comprar las bombillas delanteras y de señalización del vehículo, pues estas no funcionaban desde el mismo día en que lo adquirió. En virtud de lo anterior, solicitó al DACo que ordenara la resolución del contrato de compraventa y la devolución de la totalidad del dinero pagado.

Según surge de la *Resolución* recurrida, luego de varias incidencias procesales, el 4 de abril de 2024, se celebró una vista administrativa a la que comparecieron: la recurrente, por derecho propio, junto a su hermana, en calidad de testigo; José L. Núñez Otero, presidente de Ocean Auto Import, y su representación legal; y Eliezer Rodriguez Pérez, técnico automotriz de la parte querellada[3].

Tras celebrar la referida vista, el 3 de julio de 2024, el DACo notificó a las partes su *Resolución*[4]. En lo pertinente, determinó que, si bien las condiciones y desperfectos reflejados por el vehículo ocurrieron durante la vigencia de la garantía aplicable a los carros usados, Ocean Auto atendió y corrigió los defectos de manera adecuada durante el período para ello[5].

---

[2] *PayPal* es un servicio de pagos en línea, que permite a las personas y negocios realizar transferencias electrónicas de dinero.

[3] *Véase*, apéndice del recurso, a la pág. 2.

[4] *Íd.,* a las págs. 2-8.

[5] El DACo determinó que, conforme al millaje del vehículo al momento de ser adquirido por la parte recurrente, le aplicaba una garantía de tres meses (3) o tres mil (3,000) millas,

En particular, señaló que en respuesta a las reclamaciones de la señora Alicea, la parte recurrida llevó el vehículo al taller de mecánica automotriz de Eliezer Rodríguez Pérez, quien diagnosticó y realizó varias reparaciones relacionadas a la cablería, la computadora, el cambio de válvulas y el *knock sensor*. De igual forma, concluyó que la querellante no había logrado probar que los desperfectos del vehículo, luego del término cubierto por la garantía, estuviesen relacionados a los desperfectos que había reparado Ocean Auto, ni que hubiera medido negligencia en el proceso de reparación del vehículo.

Inconforme con la determinación de la agencia, el 22 de julio de 2024, la parte recurrente presentó una moción de reconsideración[6]. Entre sus señalamientos, alegó que se había violado su derecho a un debido proceso de ley, toda vez que la agencia no citó a su inspector a la vista, ni le apercibió de su derecho a contratar un perito independiente o de su derecho a comparecer representada por un abogado en la vista en su fondo.

El 30 de julio de 2024, el DACo emitió y notificó una orden mediante la cual acogió la moción de reconsideración de la señora Alicea[7]. Sin embargo, nada dispuso sobre esta dentro del término de 90 días dispuesto para ello.

Por tanto, el 25 de noviembre de 2025, la recurrente presentó este recurso, en el que formuló los siguientes señalamientos de error:

> Erró el DACo al desestimar la querella de la parte recurrente ya que constituyó una violación al debido proceso de ley la evaluación de la prueba presentada.
>
> Erró el DACo al desestimar, la querella de la parte recurrente ya que careció de prueba sustancial su determinación.
>
> Erró el DACo al desestimar, arbitraria y caprichosamente la querella e la parte recurrente.

(Énfasis omitido).

---

lo que ocurriera primero, según dispuesto en el *Reglamento de Garantías de Vehículos de Motor* del DACo, Reglamento Núm. 7159 de 2006.

[6] *Véase*, apéndice del recurso, a las págs. 20-46.

[7] *Íd.*, a la pág. 9.

Conforme solicitado por la recurrente, el 10 de diciembre de 2024, emitimos una *Resolución* mediante la cual otorgamos al DACo un término perentorio para que le entregase la regrabación de la vista administrativa celebrada en el caso. Además, apercibimos a la parte recurrente de que, una vez recibida la regrabación, contaba con un término de 30 días para transcribir la misma, lograr su estipulación con la parte contraria y presentarla ante este Tribunal. No obstante, el 15 de enero de 2025, la parte recurrente informó que no transcribiría la prueba oral.

El 17 de enero de 2025, emitimos una *Resolución* y otorgamos a la parte recurrida un término para presentar su oposición al recurso vencedero el 14 de febrero de 2024. Transcurrida la fecha dispuesta, la parte recurrida no compareció, por lo que resolvemos sin el beneficio de su comparecencia.

II

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013).

Así pues, las determinaciones de hechos de los organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Es por ello por lo que la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

Cónsono con lo anterior, con el propósito de "convencer al tribunal de que la evidencia en la cual se fundamentó la agencia para formular una

determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración". *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 131 (1998).

No obstante, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011); *Asoc. Fcias. v. Caribe Specialty et al.* II, 179 DPR 923, 941 (2010*)*. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

III

Tal como relatamos, la contienda principal de la parte recurrente se limita a plantear que el DACo erró en su apreciación de la prueba presentada en la vista administrativa celebrada el 4 de abril de 2024 y, por tanto, incidió al desestimar la querella instada.

En particular, arguye que el DACo limitó su análisis de la controversia a atender cuál era la garantía aplicable y si la parte recurrida había reparado de manera adecuada los desperfectos o condiciones reflejadas por el vehículo de motor durante el periodo de vigencia de la

garantía. No obstante, señala que la agencia no resolvió si hubo o no vicios ocultos. Con el fin de prevalecer en su argumento, la parte recurrente insiste en que las determinaciones de hechos suscritas por la agencia en su resolución no estuvieron basadas en la prueba presentada.

Ahora bien, surge de la *Resolución* emitida por el DACo que la agencia, previo a su determinación, tomó en consideración tanto los testimonios de los comparecientes ante sí, como la orden de compra, la factura del mecánico y la licencia del vehículo adquirido, documentos que fueron marcados como exbibits durante la vista[8].

Como señalamos, la parte recurrente no presentó la transcripción de la vista. En apoyo a su postura, adjuntó únicamente dos declaraciones juradas suscritas por la señora Díaz y los informes de inspección de vehículos de motor realizados por el técnico de investigación del DACo, Edgar Cotto Morales. Estos últimos solo detallaban la condición del auto al momento de la inspección, mas no exponían nada sobre la causalidad de los desperfectos[9].

Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005). Solamente mediante un señalamiento de error y una discusión fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que se le plantean. *Id.,* a la pág. 368. Es decir, que en este caso la parte recurrida tenía la obligación de poner en posición a este foro apelativo de aquilatar y justipreciar los errores señalados. Sin embargo, ello no ocurrió.

La ausencia de una transcripción o de una exposición narrativa de la prueba oral desfilada durante la vista administrativa celebrada en el caso

---

[8] *Véase*, apéndice del recurso, a la pág. 3.

[9] *Íd.*, a las págs. 67-70.

nos permite tomar como ciertas todas las determinaciones de hechos del DACo. En este caso, concluimos que estas resultan suficientes para establecer que la parte recurrida cumplió con la garantía aplicable al vehículo de motor adquirido por la señora Alicea. Reiteramos que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. Cónsono con ello, no podemos sino concluir que la determinación del DACo descansó en la credibilidad que le merecieron los testimonios de las partes y la documentación que tuvo ante sí. En ese sentido, su determinación no admite nuestra intervención.

Por último, debemos apuntar que los planteamientos de la señora Alicea con relación a la presunta violación a su derecho a un debido procedimiento de ley, resultan inmeritorios.

En primer lugar, la recurrente no discutió a cabalidad dichos supuestos errores; en particular, la obligación de la agencia de apercibirle de su derecho a comparecer representada por abogado a la vista administrativa, o cómo ello incidió en su derecho a desfilar su prueba o impugnar la prueba presentada por la parte recurrida.

La señora Alicea optó por comparecer por derecho propio ante el DACo, y ante este Tribunal. Inclusive, cabe apuntar que, en la notificación de la presentación de la querella[10], el DACo apercibió a las partes de su derecho a comparecer a la vista administrativa asistidas por abogado. Así pues, sus planteamientos al respecto resultan inmeritorios.

## IV

Por los fundamentos expuestos, **confirmamos** la *Resolución* recurrida, según emitida por el Departamento de Asuntos del Consumidor el 3 de julio de 2024, notificada el 22 de julio de 2024.

Notifíquese.

---

[10] *Véase*, apéndice del recurso, a las págs. 12-13.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones